# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTO ARCHIVE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIFESTYLE FURNITURE HOME STORE CORPORATION,<br><br>　　　　Defendant. | Case No. 1:24-cv-01467-JLT-SKO<br><br>ORDER VACATING HEARING, DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE, AND SETTING ASIDE ENTRY OF DEFAULT<br><br>(Docs. 7, 10) |

On December 3, 2024, Otto Archive, LLC ("Plaintiff") filed this action against Lifestyle Furniture Home Store Corporation ("Defendant") alleging copyright infringement. (Doc. 1.)

Currently before the Court is Plaintiff's motion for entry of default judgment filed April 10, 2025, (Doc. 10), after Plaintiff obtained entry of default against Defendant (*see* Doc. 7). As set forth below, the record fails to demonstrate that Defendant was properly served with a copy of the summons and complaint. Accordingly, the hearing on the motion set for May 21, 2025, will be vacated, and the Court will deny Plaintiff's motion for default judgment without prejudice and set aside the Clerk's entry of default.

## I.　　LEGAL STANDARD

Generally, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. *See J & J Sports Prods., Inc. v. Singh*, No. 1:13-cv-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); *see also Mason v. Genisco Tech.*

1

*Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action."). Service of the summons and complaint is the procedure by which a court having venue and jurisdiction of the subject matter of the suit obtains jurisdiction over the person being served. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946); *see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc. (Direct Mail)*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4 ("Rule 4"). Under Rule 4, a corporation may be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, service on a corporation under Rule 4 may be made in accordance with state law. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). California Code of Civil Procedure § 416.10 provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation. Cal. Civ. Proc. Code § 416.10(a), (b). California law also permits substitute service on the person to be served to effectuate service on a corporation "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a).

## II.     DISCUSSION

The California Secretary of State's website shows that Defendant's authorized agent for

service is Larry Hoang, whose address is 21 E. Shaw Ave., Fresno, CA, 93730.[1] The proof of service indicates that Defendant was served by substitute service on Defendant's agent Mr. Hoang—presumably under Cal. Civ. Proc. Code § 415.20(a)—"by leaving with NANCY DOE, REFUSED LAST NAME - PERSON IN CHARGE on 12/23/2024 11:25 AM." (Doc. 5.) No further information about the manner of service is included in the proof of service.

As an initial matter, the Court notes that the motion for default judgment does not include a discussion of whether and why Plaintiff's service on Defendant was adequate. Upon review of the proof of service, the undersigned finds Plaintiff has not properly served Defendant via substitute service under Section 415.20(a), and thus has not complied with Rule 4, for four independent reasons.[2]

First, the Court is not persuaded that service was effected in compliance with the "apparently in charge" requirement. Here, the proof of service's characterization of Ms. Doe as a "Person In Charge" is wholly conclusory (and appears boilerplate). The proof of service does not include any facts to support the process server's determination that Ms. Doe was the "person in charge," such as Ms. Doe's job title, or any facts describing how substitute service was completed. Nor has Plaintiff provided additional evidence in support of such a contention. Thus, it remains unclear how the process server was able to confirm that Ms. Doe was the person "apparently in charge" of Mr. Hoang's office—rather than being, for example, a temporary employee, an intern, a clerk, or even a visitor. *See Floyd v. Saratoga Diagnostics, Inc.*, No. 20-cv-01520-LHK, 2020 WL 3035799, at *3 (N.D. Cal. Jun. 5, 2020) ("John Doe refused to identify himself, and thus Plaintiff was unable to ascertain whether John Doe was 'apparently in charge,'

---

[1] The Court takes judicial notice of Defendant's entity profile from the California Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

[2] In the motion for default judgment, Plaintiff asserts that it "made multiple attempts (both pre-suit and during the course of litigation) to contact Defendant with respect to this matter, and despite Defendant knowing about the claim, Defendant decided to ignore this matter entirely." (Doc. 10 at 14.) Like the proof of service, this assertion is devoid of material facts. Plaintiff provides no detail regarding these "multiple attempts to contact Defendant," such as how many, in what manner, when, to whom, by whom, and whether any were successful. But even if Plaintiff had given such specifics, in the absence of "substantial compliance with Rule 4," "actual notice" of an action is still insufficient. *Wai v. Zhu*, No. 20-CV-06302-MMC, 2021 WL 214207, at *2 (N.D. Cal. Jan. 21, 2021) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Here, as discussed below, Plaintiff did not comply at all, let alone substantially, with Section 415.20(a).

as required for substitute service to be effective under Cal. Code Civ. Proc. § 415.20(a) [substitute service on natural person]."); *see also Coach Inc. v. Envy*, No. 1:11-cv-1029 LJO GSA, 2012 WL 78238, at *2–3 (E.D. Cal. Jan. 10, 2012) ("Here, the proof of service indicates that Envy was served by leaving the summons at Defendant's place of business with 'Ninehra Babazade Ehsaralahn-store clerk (E IND., F., 21, BLK, 5'4 130 lbs).' There is no indication that the store clerk is authorized to receive service under F. R. Civ. P. 4(h)."). *Cf. Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) ("For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, '[s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party.'") (quoting *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1393 (1992) (discussing meaning of section 415.20's 'person apparently in charge thereof' language)).

Second, the proof of service does not indicate ***where*** Ms. Doe was served. A proof of service under Section 415.20 requires an affidavit showing the "the time, ***place***, and manner of service and facts showing that the service was made in accordance with this chapter." Cal. Civ. Proc. Code § 417.10(a) (emphasis added). Without this information, the Court is unable to determine whether the service was left at either Mr. Hoang's office or his "usual mailing address"—as required by Section 415.20—or at some other, unauthorized location. *See, e.g., Esget v. TCM Fin. Servs. LLC*, No. 1:11-cv-00062-OWW, 2011 WL 4089550, at *2 (E.D. Cal. Sept. 13, 2011) (denying default judgment as "Plaintiff's proof of service indicates that her process server left copies of the summons and complaint, civil cover sheet, notice of interested parties, and other documents, with 'Richard (Doe)' at" an address without a specific suite number identified, and "[b]ecause substitute rather than personal service was effected, the Court [was] concerned the summons and complaint may not have found their way to Mr. Jimenez or perhaps to any TCM Financial Services LLC employee, as no particular suite number appears on the declaration of service or on subsequent proofs of service by mail.").

Third, even if service had been made on the person in charge at Mr. Hoang's office, the proof of service does not indicate that the process server "thereafter mail[ed] a copy of the

summons and complaint" to Mr. Hoang. *See* Cal. Civ. P. Code § 415.20(a); *see also* JUDICIAL COUNCIL COMMENT TO CAL. CIV. PROC. CODE § 417.10 (the proof of service "must state or show . . . the date a copy of the papers was thereafter mailed . . . to the person to be served.") Given that service under Section 415.20 is not complete until the 10th day after the mailing, *see id.*, and the Court does not know when (or even if) the summons and complaint were mailed to Mr. Hoang, the Court cannot conclude that service was properly effectuated under this Section and, thus, under Rule 4. *See Hafler v. Cnty. of San Luis Obispo*, No. CV 17-5183 GW (FFMx), 2018 WL 6074531, at *4 (C.D. Cal. Aug. 29, 2018) (concluding substituted service was insufficient where the plaintiffs delivered copies of the summons and complaint to the defendants' respective offices, but failed to complete service by mailing copies as required under California law); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479 (C.D. Cal. 2007) (noting that under California law, substituted service for a defendant corporation by leaving summons and complaint with an assistant is not complete until 10 days after copy of the summons and complaint is mailed to the agent of the corporation). *Cf. J & J Sports Prods., Inc. v. Barksdale*, No. CIV S-11-2994 JAM, 2012 WL 1353903, at *5 (E.D. Cal. Apr. 13, 2012) (noting "the substituted service statute [ ] has an additional safeguard built into the process by requiring follow-up service by mail.")

Finally, the proof of service does not demonstrate that the requisite statutory notice was provided. As noted above, if service is made under Section 415.20, the proof of service must include an affidavit setting forth facts to support the propriety of the service. Cal. Civ. Proc. Code § 417.10(a). This includes a showing "that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear." *Id*. In turn, Cal. Civ. Proc. Code § 412.30 ("Section 412.30") provides as follows:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the

unincorporated association.

*If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be.*

Cal. Civ. Proc. Code § 412.30 (emphasis added). Here, because the proof of service does not indicate that the notice under Section 412.30 was provided to Defendant, service was ineffective, and no default can be taken. *See Long v. McAfee*, No. 1:19-cv-00898-DAD-SAB, 2019 WL 5536228, at *11–12 (E.D. Cal. Oct. 25, 2019) (concluding that service had not been properly achieved, among other reasons, based on noncompliance with Section 412.30); *see also Renova Energy Corp. v. Cuevas*, No. 1:22-cv-00999-JLT-EPG, 2023 WL 2424860, at *5 (E.D. Cal. Mar. 9, 2023) (same).

### III.  ORDER

For the reasons set forth above, the hearing set for May 21, 2025, is VACATED, Plaintiff's motion for default judgment (Doc. 10) is DENIED without prejudice, and the Clerk's Entry of Default entered against Defendant (Doc. 7) is SET ASIDE.

IT IS SO ORDERED.

Dated: **May 14, 2025**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE